# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50155 | **DATE** | 3/6/2012 |
| **CASE TITLE** | Crawford & Company Medical Benefit Trust v. Repp et al. | | |

**DOCKET ENTRY TEXT:**

Law Office of Jim Black's motion to dismiss [37] is granted. Count I is dismissed without prejudice to refiling in an amended complaint on or before 4/16/2012 if counsel can, within his Rule 11 obligations, correct the identified deficiencies. Failure to file an amended complaint within the time allowed will result in Count I being dismissed with prejudice. The supplemental claims raised in Counts III and V are dismissed without prejudice to refiling either in state court or in this case if plaintiff files an amended complaint in accordance with this order.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Crawford & Company Medical Benefit Trust, has filed a five count complaint against defendants, Robert Repp and the Law Office of Jim Black ("Black"), alleging that after Repp received two workers' compensation settlements for work-related injuries, he failed to reimburse plaintiff for medical payments regarding those same injuries. Before the court is Black's motion to dismiss Counts I, III, and V. For the reasons that follow Black's motion to dismiss is granted.

### I. ALLEGATIONS

According to the complaint, plaintiff is the fiduciary of a self-funded benefit plan that provides healthcare benefits to certain employees of Crawford & Company, including Repp. Repp suffered two injuries while working for his employer, filed claims for benefits with the Illinois Workers' Compensation Commission and settled the claims on August 19, 2010 and March 11, 2011, for $65,000 and $120,000, respectively. Plaintiff alleges that:

> 20. Upon information and belief, the settlement funds are in the constructive possession of Repp and Black in that they have been specifically designated and tendered to them as part of a larger settlement.
>
> 21. Upon information and belief, the designated and tendered funds have been distributed to Repp and Black and are currently being held by them.

According to plaintiff's Summary Plan Description, a participant who has a medical injury, illness or condition for which a third party is liable, and who recovers from such third party, must repay plaintiff for the medical expenses plaintiff paid. Repp did not reimburse plaintiff after either of his settlements. According to plaintiff,

Repp currently owes plaintiff $52,559.50.

Count I of the complaint is a claim for equitable relief against both defendants pursuant to § 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), seeking equitable relief in the form of a constructive trust and an equitable lien on amounts allegedly held by defendants that rightfully belong to plaintiff. Counts II and III are claims for conversion against Repp and Black, respectively. Count IV is a claim against Repp for breach of contract. Count V is a claim against Black for tortious interference with a contractual expectancy.

## II. ANALYSIS

Black moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In evaluating such a motion, a court must accept as true all of the facts contained in the complaint, and draw all reasonable inferences in a light most favorable to the nonmoving party. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009). However, a motion to dismiss should be granted if the plaintiff fails to offer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, however, legal conclusions "must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1940 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations and footnote omitted). The pleading rule does "not require heightened fact pleading of specifics," but nonetheless, plaintiffs must nudge "their claims across the line from conceivable to plausible." Id. at 570.

It is undisputed that the plain language of the parties' agreement requires Repp to reimburse plaintiff "for all amounts this plan has paid and will pay as a result of that injury." Section 502(a)(3) authorizes a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3); Admin. Comm. of Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco, 338 F.3d 680, 686 (7th Cir. 2003). "ERISA provides for equitable remedies to enforce plan terms," and therefore the Plan "must . . . establish that the basis for its claim is equitable." Sereboff v. Mid Atl. Med. Servs., 547 U.S. 356, 363 (2006). This court has federal question subject matter jurisdiction over a § 502(a)(3) claim only where such claim "can properly be viewed as seeking equitable relief." Gutta v. Standard Select Trust Ins. Plans, 530 F.3d 614, 620 (7th Cir. 2008) (quotation marks omitted).

Relying on the Seventh Circuit's decision in Trustees of the Central States, Southeast & Southwest Areas Health & Welfare Fund v. State Farm Mutual Automobile Insurances Co., 17 F.3d 1081, 1084 (7th Cir. 1994), Black contends that as a non-fiduciary, non-party to the ERISA plan it cannot be bound by the agreement. Plaintiff does not take issue with this contention but, rather, argues that it has stated an equitable claim against Black because it has alleged that Black is holding funds that are subject to its constructive trust or equitable lien. In reply, Black argues that plaintiff has failed to plead, and has in fact admitted, that Black is not in possession of settlement funds which are titled to and in the legal control of Repp.

Under certain circumstances a benefit plan may use § 502(a)(3) to recover against individuals or entities that are not parties to the plan. See Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 249-50 (2000). The Seventh Circuit dealt with such a claim in Varco, where a benefit plan filed a § 502(a)(3) action for appropriate equitable relief against a plan participant and her attorney. 338 F.3d at 684. The plan participant received settlement proceeds of $100,000 which were distributed by her attorney to her, the attorney, and other lien holders. Id. A reserve bank account was established in the plan participant's name in the amount of $34,034.55 –the sum the parties believed the benefit plan had spent in medical bills. Id. The issue in Varco

was whether the district court had subject matter jurisdiction to adjudicate the benefit plan's claim for reimbursement as "equitable relief" under § 502(a)(3)(B) because the benefit plan was seeking a constructive trust over the plan participant's reserve account, or whether it was actually a claim for money at law under a contractual theory. Id. at 685. The Court in Varco quoted the distinction made by the United States Supreme Court in Great-West Life & Annuity Ins. Co. v. Knudson, between claims for legal restitution, which cannot be recovered pursuant to § 502(a)(3)(B), and equitable restitution, which can:

> A plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where 'the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor,' and the plaintiff 'cannot enforce a constructive trust of or an equitable lien upon other property of the defendant.' . . . Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

Varco, 338 F.3d at 687 (alteration marks omitted) (quoting Great-West Life, 534 U.S. 204, 213-14 (2002)). The Court in Varco held that the funds placed in the reserve account were "identifiable, have not been dissipated, and are still in the control of the plan participant due to the fact that [the attorney] placed them in a reserve account in [the plan participant's] name when they were disbursed." Id. Because these elements were met, the Court concluded that the claim was equitable under § 502(a)(3)(B) and the district court properly exercised jurisdiction over the claim. Id. at 688.

Thus, Varco, and other authorities,[1] teach that a plaintiff seeking an equitable remedy under § 502(a)(3)(B) against a defendant who is not a party to the benefit plan must plead and prove: (1) that the funds in that person's possession are identifiable, (2) not dissipated, and (3) in some manner still in the control of the plan participant. In this case, plaintiff has pleaded, on information and belief, only that Black is in constructive possession of settlement funds which have been distributed to Black and are currently being held by Black. These allegations fall short of the factual specificity required under Iqbal/Twombly to plausibly state that Black is in possession of identifiable, non-dissipated funds which are still in the control of Repp due to their placement in an account in Repp's name or due to some other circumstance. Consequently, the court agrees that in Count I plaintiff has failed to state a § 502(a)(3) claim upon which relief can be granted.

Citing Longaberger Co. v. Kolt, 586 F.3d 459 (6th Cir. 2009), plaintiff argues that it need not plead that the funds in Black's possession are somehow still in Repp's control. While it is true that in Longaberger the Sixth Circuit did permit equitable relief to recover funds that were distributed to the plan beneficiary's attorney as his fee, the court respectfully disagrees with that Court's analysis. In Longaberger, following settlement, the attorney disbursed settlement funds to his client, the plan participant, and kept a portion for himself as an attorney fee. Id. at 462. The Sixth Circuit found that the plan participant's attorney's choice to disregard the plan's first priority lien and commingle the settlement funds did not defeat the plan's claim for equitable relief, "because under Sereboff, [the Fund] was free to follow a portion of the settlement funds into the [attorney]'s hands." Id. at 469. Thus, the Sixth Circuit allowed a claim against the attorney to proceed. In this court's judgment, however, Longaberger misapplied the holding in Sereboff to a defendant who was not a plan participant.

In Sereboff, after the plan participant and her husband settled their tort claim, the benefit plan filed suit against them under § 502(a)(3) to recover the medical expenses it had paid on their behalf. Sereboff, 547 U.S. at 360. The Supreme Court held that when a plan seeks restitution from a plan beneficiary who is in possession

| STATEMENT |
|---|

of particular, identifiable funds, such a suit sounds in equity and is cognizable under § 502(a)(3). Id. at 363, 368. In so holding, the Supreme Court reasoned that:

> the familiar rule of equity that a contract to convey a specific object even before it is acquired will make the contractor a trustee as soon as he gets title to the thing . . . allowed [the Plan] to follow a portion of the recovery into the Sereboff's hands as soon as the settlement fund was identified, and impose on that portion a constructive trust or equitable lien."

Id. at 363-64 (alteration and quotation marks omitted). The Court further reasoned that the plan's "action to enforce the 'Acts of Third Parties' provision qualifies as an equitable remedy because it is indistinguishable from an action to enforce an equitable lien established by agreement." Id. at 368. The Court also held that the strict tracing rules applicable to equitable restitution claims do not apply to claims based on equitable liens by agreement. Id. at 365. Thus, Sereboff explains that reimbursement sought from a plan participant is equitable because an equitable lien by agreement arises pursuant to a subrogation and reimbursement provision in an ERISA regulated plan. Id. at 363-64. But Sereboff did not involve a defendant who was not a plan participant or establish that an equitable lien by agreement arises with respect to settlement funds in such a party's hands.

In applying the Sereboff holding to funds that the plan participant's attorney distributed to himself as a fee, the Longaberger Court did not explain how an equitable lien by agreement could arise when the attorney never entered into any agreement with the Plan. More importantly, because Longaberger is not binding on this court, and Varco is, the court must conclude that the elements identified in Varco need to be pleaded to state an equitable claim for reimbursement under § 502(a)(3) against a non-plan-participant such as Black. As this court reads the law in the Seventh Circuit, a benefit plan may bring a § 502(a)(3) claim against a plan participant or beneficiary even if the benefits paid to the participant or beneficiary are not specifically traceable as a result of commingling or dissipation. Gutta, 530 F.3d at 621. However, when the benefit plan brings such a claim against a party other than a plan participant, it must plead and prove (1) that the funds in that person's possession are identifiable, (2) not dissipated, and (3) in some manner still in the control of the plan participant. Varco, 338 F.3d at 687.

In this case, although plaintiff has not specifically requested leave to file an amended complaint in the event that any claim is dismissed as is required under this court's standing order, the court will permit amendment where required by the circumstances.[2] Under these circumstances, where the pleading requirements of this unique cause of action may not have been readily perceptible, plaintiff will be afforded an opportunity to replead Count I if its counsel can, within his Rule 11 obligations, remedy the identified deficiency. Failure to file an amended complaint within the time allowed will result in Count I being dismissed with prejudice.

The remaining Counts against Black are state-law conversion and tortious interference with a contractual expectency. Because plaintiff has yet to state a federal claim against Black, the court will relinquish jurisdiction over these claims rather than resolve them on the merits. See 28 U.S.C. § 1367(c)(3); Williams v. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007). Accordingly, Counts III and V are dismissed without prejudice to refiling either in state court or in this case if plaintiff files an amended complaint in accordance with this order.

### III. CONCLUSION

Defendant Black's motion to dismiss Count I is granted. Count I is dismissed without prejudice. Plaintiff shall have until April 16, 2012 to file an amended complaint should it wish to do so, provided that counsel is able to do so in accordance with his obligations pursuant to Federal Rule of Civil Procedure 11.

---

1. The Eleventh Circuit has held that a claim against a conservator in possession of settlement funds paid to a plan beneficiary sought "other appropriate equitable relief" under § 502(a)(3). Admin. Comm. for Wal-Mart Stores, Inc. Assocs.' Health and Welfare Plan v. Horton, 513 F.3d 1223, 1229 (11th Cir. 2008) ("[T]he most important consideration is not the identity of the defendant, but rather

that the settlement proceeds are still intact, and thus constitute an identifiable res that can be restored to its rightful recipient."); see also Anderson v. Dergance, No. 08 C 2522, 2009 WL 1702820, at *2 (N.D. Ill. June 18, 2009) (holding that equitable relief against law firm was appropriate where it held $14,365.13 of covered individual's $30,000 recovery in its trust account).

2. See This Court's Standing Order on Motions dated September 14, 2010 ("In the case of a Rule 12(b)(6) motion, if a plaintiff wishes to retain an opportunity to amend the complaint following an adverse decision of this court, plaintiff should request the court's leave to replead in its response to defendant's Rule 12(b)(6) motion and inform the court of how, consistent with the requirements of Rule 11, it would amend the complaint. If a plaintiff fails to request such relief in its response, and this court finds in favor of the defendant, the dismissal will be with prejudice unless the court determines there are exceptional circumstances which would warrant leave to amend." (citations omitted)).